## Claridge & Rudolph *versus* Klett & Co.

1. A firm having a judgment against another firm, and having execution levied on personal property, agreed, in consideration of the receipt of a note of the latter, with another as security, *on account of the claim*, to stop proceedings on their judgment; and further agreed "to enter satisfaction when notes to be agreed upon are given:" *Held*, that this was all one agreement, and that the latter notes having been given and received, it was incumbent on the plaintiffs in the judgment to enter satisfaction of the judgment before instituting suit on the first note.

2. A note given and accepted is presumed to have been given on the day it bears date, in the absence of all evidence to the contrary.

3. There can be no *set-off*, when plaintiff has no cause of action.

ERROR to the District Court, *Philadelphia.*

This was an action of assumpsit, brought by Klett & Dallam, co-partners, against Claridge & Rudolph, on a promissory note, in the following words:—

$1000.  PHILADELPHIA, September 2d, 1848.

One year after date, we promise to pay to the order of Edwin Young, one thousand dollars, without defalcation, for value received.

CLARIDGE & RUDOLPH.

Endorsed, EDWIN YOUNG.

The summons was issued on 11th September, 1849; returnable on the first Monday of October. On the 16th October, the affidavit of defence of both defendants was filed: It stated that on the 2d day of September, A. D. 1848, the day on which the said note was drawn, the above-named plaintiffs held a judgment against

these deponents for the sum of $2500, with interest, entered in the District Court for the city and county of Philadelphia, to June term 1848, No. 267; on which a *fi. fa.* was issued to September term 1848, No. 5, and on which a levy had been made by the sheriff upon the property of the above-named deponents; that on the said 2d day of September, A. D. 1848, the day of the date of the said note, an arrangement and agreement in writing were entered into between the said plaintiffs and these deponents, which arrangement and agreement in writing are in the following words, viz. "For and in consideration of a note drawn by Claridge & Rudolph, and endorsed by Edwin Young, for one thousand dollars, payable one year from September 2d, 1848, (being on account of our claim,) we do agree to stop proceedings in a certain judgment, now in the hands of the sheriff, pending against them, *and do agree to enter satisfaction* when notes to be agreed upon are given."

Signed, FREDERICK KLETT & CO.

*That the said notes, so agreed upon, were given by the said plaintiffs, to wit, these deponents, individual notes, as required by said plaintiffs, dated each, September 7th, 1848, at two years, viz. W. R. Claridge's, for $951.58, and J. P. Rudolph's, for $580.02.*

It also stated that, although the proceedings on the judgment were stopped, satisfaction was not entered on the judgment; that in consequence of the noncompliance of plaintiffs with their written agreement "damages have accrued to them to the amount of $1250, under the acts of Assembly of this commonwealth, passed 13th April, 1791, section 14, concerning judgments, and which, as deponents are informed, and verily believe, are a subject of set-off to the action against them as drawers of said note, and to the full amount of said note and more."

"And these deponents further say, that they verily believe that they have been, by reason of said plaintiffs' non-compliance with their said written agreement to enter satisfaction upon said judgment, damnified to the amount of said set-off of $1250, as *in contemplation of law* they would be damnified by reason of such omission of said plaintiffs to enter satisfaction as aforesaid. That they have since been entirely sold out, and, as they verily believe, at a very great sacrifice. And that the said Edwin Young, being desirous, at the time said written agreement was entered into by plaintiffs, of assisting deponents, two young men who had lately gone into business, was anxious to relieve them from the difficulty under which they then labored, and, in order to do so, was induced to endorse deponents' note, upon which this suit is now brought against them, but would not have done so but upon plaintiffs' written agreement to enter satisfaction on the judgment, *as a mere stay of proceedings would have been of but little account, and would therefore have afforded deponents little relief,* and which relief, and that

[Claridge & Rudolph *vs.* Klett & Co.]

alone, was the intention of said Edwin Young in so endorsing their said note upon which this suit is brought.   And deponents further say, that the words in said agreement, 'and agree to enter satisfaction when notes to be agreed upon are given,' are in the proper handwriting of said Frederick Klett.

Sworn and subscribed, &c.   W. R. CLARIDGE.
   J. F. RUDOLPH."

On the 3d November, 1849, the court entered judgment, for want of a sufficient affidavit of defence.

Error was assigned to the decision that the affidavit of defence was insufficient, and to the entering of judgment.

The case was argued by *Tennery* and *Arundel*, for plaintiffs in error.—It was contended that the agreement must be taken as a whole; and that one of the conditions, on the part of plaintiffs below, the entering satisfaction of the judgment, not having been performed, that part of the consideration has failed; that this was a condition precedent, and prevents recovery in this action on the note: 15 *Johns. Rep.* 270; 19 *do.* 53; 4 *Barr* 73, Dundas *v.* Sterling.

That damages, though founded on a penal statute, may be set off: 6 *W. & Ser.* 155; 5 *Ser. & R.* 122; 8 *id.* 88; 12 *id.* 275; 12 *Ser. & R.* 431; 3 *Watts* 301; 1 *Miles* 250.

*J. Fallon,* for defendants in error.—That the agreement to stop proceedings on the judgment, and to enter satisfaction, are independent and distinct; that the consideration of the note, on which the suit is founded, was the agreement to stop proceedings on the execution; and that of the entry of satisfaction was certain notes to be agreed upon; that, even if the agreement to enter satisfaction were a part of the consideration on which the note in suit was given, that the satisfaction was to be entered *at an uncertain time,* viz. *when the notes are given,* which might not be till the note in suit had matured; that the entry of satisfaction was not, therefore, a condition *precedent* to proceeding on the note.

As to the set-off.   That to entitle a party to recover damages, under the act of 13th April, 1791, for not entering satisfaction of a judgment, the money for which the judgment was rendered must be *paid;* and that there was no request to satisfy the judgment. The affidavit does not state how long before suit brought these notes were agreed on and given.   The notes last given were without security.

The opinion of the court was delivered February 27, 1851, by

COULTER, J.—The plaintiffs below contended that the agreement of 2d September, A. D. 1848, contains two distinct stipulations on the

[Claridge & Rudolph *v.* Klett & Co.]

part of Klett & Co., independent of and unconnected with each other; one, that he would stop the proceedings against Claridge & Rudolph; the other, that he would enter satisfaction on the judgment when the notes were given. And that, in consideration of the first, Claridge & Rudolph gave their negotiable note, endorsed by Young, which was to be unaffected by the individual notes given five days afterwards, by Claridge & Rudolph, for their respective proportions of the balance of the judgment. And that the failure of Klett & Co., up to this day, to enter satisfaction on the judgment does in nowise affect their right to sue on the note endorsed by Young. But it is impossible to regard the transaction in any other light than as a whole—each party being entitled to the benefit of every stipulation in it. Every contract is to be interpreted according to the facts, circumstances, and situation of the parties by which it was produced; or, as it is sometimes expressed, it ought to be viewed in the light of the surrounding circumstances. Klett & Co. had a judgment against Claridge & Rudolph for the sum of $2500, with interest. They had been but a short time in business— were likely to fail and lose credit, and needed support. This judgment was considered a great impediment to their successful advancement. And the two defendants and Young swear that he, Young, was induced to endorse the note so that Claridge & Rudolph might pursue their business unencumbered by the pressure and impending *scarecrow* of this judgment. We cannot for a moment believe that the note for $1000 was given by the defendants, including Young, who endorsed it, merely, as contended by Klett & Co., for a stay of process, without even specifying any time. Such an interpretation would be enormous. It is forbidden by the circumstances of the case, and by the terms of the agreement itself, which states said note, (being on account of our claim,) included in brackets, and then mentions their judgment in the hands of the sheriff. It was a note endorsed, as admitted, by a good and safe man. And as Klett & Co. took that note at a year, and the individual notes of Claridge and Rudolph at two years, he no doubt thought it was a good bargain for him to get the $1000 secured in a year, and that it was more than he would make by his execution. At all events, he got that secure, which by his own stipulation was to be on account of his judgment. And this cuts up the argument, that the consideration of that note was a mere stay of proceedings. The balance of the stipulation is as follows: "and do agree to enter satisfaction when notes, to be agreed upon, are given." The affidavit of defence avers that the said notes, so agreed upon, were given, to wit, the individual notes of the said Claridge and Rudolph, as required by the said plaintiff & Co., dated each, September 7th, 1848. The argument here for Klett & Co. is that it does not appear that the notes were given at the time they are dated, but may have been given one year afterwards,

[Claridge & Rudolph *v.* Klett & Co.]

and after the suit on the note endorsed by Young. But this appears to be a very far-fetched presumption. For, in the first place, it is not at all likely that Klett & Co. would have accepted the notes after suit brought on the Young note, which he now contends was merely given to procure a stay of proceedings. And, in the second place, a note given and accepted is always presumed to have been given and accepted on the day it bears date, in the absence of all testimony or circumstance to give rise to a contrary presumption. Because the date is put to it, like every other part, to evidence the truth of the transaction. The notes were accepted by Klett & Co. in pursuance of the agreement ; and it was stated at the bar that suits are now pending on them. The whole affair wears one appearance alone ; and that is that the purpose of the arrangement was to free the young men from the encumbrance, and to remove the obstacle to their credit created by the judgment ; and that Klett & Co. agreed to remove that judgment upon having $1000 well secured, and their individual notes. It was one transaction—one in design and one in act. Claridge & Rudolph have fulfilled their part of the agreement. Klett & Co. have not fulfilled theirs, never having entered satisfaction on the judgment. Why should they still hold that judgment and obtain judgment on the note for $1000, which was to be on account of it, and still hold the individual notes of Claridge and Rudolph for the balance. They cannot do it ; justice frowns upon it, and so do reason and the law.

The affidavit of defendants disclosed a sufficient defence. At the time this suit was brought the plaintiffs had no cause of action either against Claridge & Rudolph or Young. This disposes of the question of set-off, mooted at the bar, because there can be no set-off when the plaintiff has no cause of action.

The judgment below is reversed and a *procedendo* awarded.